UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD M. DALE, II,** | ) | **CASE NO. 5:10-cv-222** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | |
| **METROPOLITAN LIFE INSURANCE** | ) | **MEMORANDUM OPINION** |
| **CO., improperly named in the** | ) | |
| **complaint as Met Disability,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

This Memorandum Opinion arises out of Metropolitan Life Insurance Company's ("Defendant" or "MetLife," incorrectly named in the Complaint as "Met Disability") Motion for Summary Judgment. (Doc. No. 13.) For the reasons set forth below, Defendant's motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Richard M. Dale II ("Plaintiff" or "Dale") was employed at Fresenius Medical Care North America ("Fresenius") and participated in both the Fresenius Short Term Disability Plan ("STD Plan") and the Fresenius Long Term Disability Plan ("LTD Plan"), hereinafter collectively referred to as "the Plan." (Hallford Aff., ¶ 2.) Fresenius is the Plan Sponsor and Plan Administrator for both the STD Plan and the LTD Plan. (*Id.* ¶¶ 3, 6.) MetLife is the claims administrator for the STD Plan and insures the LTD Plan through a group policy issued to Fresenius. (*Id.*) MetLife also reviews claims submitted by Fresenius employees under the LTD Plan to determine eligibility for LTD benefits. (*Id.* ¶ 7.)

In April 2009, Plaintiff submitted a claim for STD benefits. (*Id.* ¶ 8.) MetLife reviewed Plaintiff's STD claim and approved STD benefits from March 20, 2009 through May 3, 2009. (*Id.* ¶ 9; Ex. C.) Under the Plan, STD benefits are payable for a maximum of one hundred eighty (180) days. (Ex. A, p. 2.) On September 11, 2009, MetLife sent Plaintiff a letter notifying him that his STD benefits were terminated on August 31, 2009, based upon Plaintiff's failure to provide claim information MetLife had previously requested. (Ex. D.) On December 15, 2009, MetLife sent Plaintiff a letter notifying him that his STD benefits had been extended through September 15, 2009, based upon MetLife's receipt of the updated claim information from Plaintiff. (Hallford Aff. ¶ 11; Ex. E.) On September 15, 2009, Plaintiff's 180 days of STD benefits were exhausted and thus he had been paid the maximum amount available under the STD plan. (Ex. E.) MetLife also notified Plaintiff in the December 15, 2009 letter that he had been paid STD benefits for 180 days and that his file had been referred to an LTD case manager for review of LTD benefits. (Ex. E.)

On December 17, 2009, Plaintiff filed a Complaint pro se in the Wayne County Municipal Court seeking $13,056.00 plus interest that he claims MetLife owes him for unpaid disability benefits. (Doc. No. 1.)

On January 15, 2010, a MetLife LTD specialist sent Plaintiff a letter notifying him of the forms and information he must provide to MetLife by February 15, 2010 in order for MetLife to determine his eligibility for LTD benefits. (Ex. F.) On February 25, 2010, MetLife sent a second letter to Plaintiff notifying him that MetLife had not received the requested documentation listed in the January 15, 2010 letter. (Ex. G.) Again MetLife listed the required documents and extended the due date to March 17, 2010. (*Id.*) The letter also stated that if MetLife did not receive the requested information by March 17, 2010, Plaintiff's claim would be

closed for failure to provide "Proof of continuing Disability." (*Id.*)

MetLife claims it has not received any of the requested documentation. (Hallford Affidavit ¶ 15.) In his complaint, Plaintiff claims that his doctors have provided any and all information requested by MetLife. (Doc. No. 1.) Plaintiff attached two letters to his complaint, one from Dr. Knapic dated November 20, 2009 and one from Dr. Herbert dated December 4, 2009, which discuss Plaintiff's continued disability. (Ex. B; Ex. C.)

The case was removed to Federal Court since this claim is pre-empted by the Employee Retirement Income Security Act (ERISA) and is thus removable to federal court pursuant to 28 U.S.C. § 1441(b) as an action arising under federal law. The case is removable even though Plaintiff's Complaint does not allege a cause of action arising under ERISA because the ERISA federal statute wholly displaces the state-law cause of action through complete pre-emption. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

MetLife answered Plaintiff's Complaint on February 8, 2010 (Doc. No. 5) and on May 21, 2010, MetLife filed a Motion for Summary Judgment. (Doc. No. 13.) Plaintiff did not respond to MetLife's Motion for Summary Judgment. MetLife's Motion for Summary Judgment is now ripe for review[1].

## II. STANDARD OF REVIEW

The Court will grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Since material outside Plaintiff's short complaint needs to be considered to accurately adjudicate this case, a motion for summary judgment is the proper procedural method.

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated [. . .]. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on

which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), *citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

Under *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992), the Court is not required to conduct its own probing investigation of the record to discover an issue of material fact when a summary judgment motion is unopposed. Nevertheless, the Court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* As such, summary judgment is proper if MetLife meets its burden in moving for summary judgment.

Although pro se complaints are held to a less stringent standard than complaints drafted by lawyers, the lenient treatment has limits and the pro se plaintiff must still present a genuine issue of material fact to survive a motion for summary judgment. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); Fed. R. Civ. P. 56(c). No matter how liberally construed, Plaintiff's complaint fails to present a genuine issue of material fact.

### III. LAW AND ANALYSIS

Plaintiff claims that MetLife owes him $13,056.00 in unspecified disability

benefits. MetLife asserts that the claim must be dismissed because Plaintiff has no further right to benefits under the STD plan and has failed to exhaust the Plan's administrative remedies for LTD benefits, as required under ERISA before a suit may be filed in state or Federal court.

It is well settled in the Sixth Circuit that ERISA requires a participant to exhaust his or her administrative remedies before filing suit. *See Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *see also Baxter v. C.A. Muer Co.*, 941 F.2d 451, 453 (6th Cir. 1991); *see also Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994). Although ERISA does not explicitly require exhaustion of the plan's administrative remedies, ERISA does require all plans to include procedures for internal dispute resolution and a "full and fair review" of all denied claims. 29 U.S.C. § 1133. Additionally, Congress' manifest intent in requiring the internal dispute procedures is to "minimize the number of frivolous ERISA lawsuits; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." *Baxter*, 941 F.2d at 453 (quoting *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989)). As the court further noted in *Baxter*, it would be inconsistent for Congress to require plans to have internal dispute resolution procedures yet not require participants to use them. *Id.* Therefore, the Sixth Circuit has consistently held that, based on Congress' express action of requiring internal dispute procedures and Congress' apparent intent to create a cost-effective, nonadversarial administrative remedy for such proceedings, the administrative scheme of ERISA requires exhaustion. *Costantino*, 13 F.3d at 974.

Plaintiff claims that MetLife has failed to pay him disability benefits in the amount of $13,056.00. (Doc. No. 1.) Plaintiff further contends that his doctor provided MetLife with "any and all information" requested regarding his condition. (*Id.*) MetLife responds, claiming that Plaintiff is not due any funds for disability benefits because Plaintiff has been paid

in full for STD benefits and has failed to provide the requested documentation as part of the Plan's administrative remedies for LTD benefits. (Doc. No. 13.)

The Court finds MetLife's arguments to be meritorious. Plaintiff has failed to show a genuine issue of material fact for either an STD benefit claim or an LTD benefit claim.

**A. Plaintiff fails to state a claim for STD benefits because he has been paid the full amount of STD benefits available under the Plan.**

The Plan states that MetLife will pay STD benefits through the 180th day of disability. (Ex. A, p. 2.) MetLife approved Plaintiff's STD benefits beginning March 20, 2009. (Ex. C.) Although when Plaintiff filed this suit he had only been paid STD benefits through August 31, 2009, MetLife subsequently approved the extension of STD benefits through September 15, 2009, once Plaintiff submitted the required paperwork. (Ex. D.) September 15, 2009 is the 180th day of Plaintiff's disability and, therefore, he has exhausted his available STD benefits. Plaintiff fails to present additional evidence that he has not been paid STD benefits for the full 180 days. Therefore, Plaintiff has not presented an issue of material fact in his claim for STD benefits.

**B. Plaintiff fails to state a claim to LTD benefits because he failed to exhaust the Plan's administrative remedies before filing this suit.**

The Plan explains the procedure for submitting a claim for LTD benefits and for appealing a denial of benefits. (Ex. B, pp. 45-46.) The Plan alerts participants to the types of documentation they may be required to provide to MetLife, such as documentation of continuing disability, medical records, and release of records forms. (*Id.*) MetLife notifies participants that such information will be due with the initial claim request. (*Id.*) The Plan also includes detailed internal dispute resolution procedures for the review of adverse determinations as required under 29 U.S.C. § 1133. (*Id.* at 57.) The Plan clearly states the steps MetLife will take once a claim has

been properly submitted, including the time period in which MetLife will notify participants of the decision. (*Id.* at 56.) MetLife also clearly explains the appeals procedure during which MetLife will conduct a "full and fair review" of the claim. (*Id.* at 45-46.) MetLife's internal dispute resolution procedures meet the requirements set forth in § 1133.

In its letters dated January 15, 2010 and February 25, 2010, MetLife informed Plaintiff of the information he was required to submit to MetLife before his LTD benefit claim could be considered. (Ex. F; Ex. G.) The list includes certain general claim forms like Personal Profile and Reimbursement Agreement, as well as all medical and pharmaceutical records for the relevant periods. (*Id.*) The Plan requires that the requested information be submitted to MetLife with the initial claim request and MetLife notified Plaintiff that he must submit the documentation by a specific date for his claim to be considered. (Ex. B, p. 45; Ex. F; Ex. G.)

MetLife claims that Plaintiff has failed to provide any of the required documentation. (Doc. No. 13.) Plaintiff does not claim, or produce evidence, that he has submitted any of the requested information. (Doc. No. 1.) Although Plaintiff presents letters from his doctors about his continued disability, this information is insufficient based on what MetLife requested. MetLife requires all forms as well as actual medical records, not just notice of continued disability. (Ex. B, pp.45-46.) MetLife's process is in compliance with ERISA, is explicitly stated in the Plan, and has been duly communicated to Plaintiff. Since Plaintiff has failed to submit any of the required documentation, MetLife has not been able to review Plaintiff's claim for LTD benefits and has not made an initial determination about Plaintiff's eligibility. (Doc. No. 13.) MetLife has not denied Plaintiff's claim for benefits; it simply has been unable to complete the initial review of the claim based on insufficient documentation. (*Id.*) Additionally, if MetLife had denied Plaintiff's claim for benefits, Plaintiff is still not authorized

to file suit, since he has not exhausted the administrative remedies set forth in the Plan of having his adverse determination reviewed by MetLife on appeal. Until Plaintiff files the required documentation as part of MetLife's administrative process and his claim is denied, he may not file suit.

Since Plaintiff fails to present evidence that he was not fully paid his available STD benefits and does not present evidence that he has exhausted the Plan's administrative remedies, he fails to state a claim for any unpaid benefits.

## IV. CONCLUSION

Viewing the evidence in a light most favorable to Plaintiff, the Court finds that MetLife has satisfied its burden of showing that no genuine issues of material fact are present. The Court hereby **GRANTS** MetLife's Motion for Summary Judgment (Doc. No. 13) and dismisses Plaintiff's complaint without prejudice.

**IT IS SO ORDERED**.

Dated: August 2, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**